UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONNA WAGNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-01787-JPH-MG ) |
| BROKERS INTERNATIONAL FINANCIAL SERVICES, LLC, MARK CHRISTOPHER PERRY, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER REMANDING CASE**

Donna Wagner filed a petition in an Indiana state court seeking to enforce an arbitration award that she obtained against Mark Perry and Brokers International Financial Services, LLC. Alleging federal-question jurisdiction, Mr. Perry and Brokers removed the case to this Court and then filed a motion to vacate the arbitration award. Ms. Wagner has filed a motion to remand the case back to state court, arguing that this Court lacks subject-matter jurisdiction. For the reasons that follow, Ms. Wagner's motion, dkt. [18], is **GRANTED**, and Mr. Perry and Brokers' motion to vacate the arbitration award is **DENIED without prejudice** for lack of subject-matter jurisdiction. Dkt. [3].

**I.
Facts & Background**

The following facts are undisputed for the purpose of adjudicating Ms. Wagner's motion to remand. *See generally* dkt. 4 at 3–5; dkt. 4-1 at 3–13 ¶ 11–39.

1

Donna Wagner made a series of payments totaling over one million dollars to her financial advisor, Brian Simms. Dkt. 4 at 4–5. Mr. Simms told Ms. Wagner that he was investing her money through two companies he owned, Brendanwood Financial Brokerage and Brendanwood Financial Services (together "Brendanwood"). *Id.* at 3; dkt. 4-4 at 9. Over time, Ms. Wagner became suspicious of her investment account statements and hired a lawyer to investigate. Dkt. 4 at 5. The investigation revealed that Mr. Simms had defrauded her. *Id.* at 6. Ms. Wagner sued him and Brendanwood, eventually settling the case for $950,000. *Id.*; dkt. 4-1.

Ms. Wagner also initiated a FINRA[1] arbitration claim against Mr. Perry and Brokers. Dkt. 4-4. In that claim, Ms. Wagner alleged that Mr. Perry had a "responsibility for oversight of operations" at Brendanwood because he was its president, and that Brokers was responsible for Mr. Perry's conduct because he was one of its "registered representatives." *Id.* at 2–3. Ms. Wagner's FINRA claim asserted "a number of legal grounds under Indiana law" including fraud, negligence, breach of contract, breach of fiduciary duty and constructive fraud, violations of FINRA Conduct Rules and NYSE Rules, negligent supervision, conversion, violations of the Indiana Securities Act, and respondeat superior. *Id.* at 19–20. The claim was assigned to a panel of arbitrators selected through FINRA Dispute Resolution Services.

---

[1] The Financial Industry Regulatory Authority (FINRA) is a private, self-regulatory organization, that operates as a "national securities association" registered with the Securities and Exchange Commission. *Aslin v. Fin. Indus. Regulatory Auth., Inc.*, 704 F.3d 475, 476 (7th Cir. 2013) (describing the relationship between the SEC and FINRA).

Mr. Perry and Brokers never agreed to arbitrate the claim. Dkt. 24 at 4. They maintained that Ms. Wagner was not their "customer" under FINRA Rule 12200—which gives FINRA authority to arbitrate certain claims brought by customers even when there is no written arbitration agreement—and that the arbitration panel lacked authority over Ms. Wagner's claim. *See* dkts. 8; 11; 13; 15; 17; 22. The arbitration panel rejected these arguments, found Mr. Perry and Brokers liable, and awarded Ms. Wagner nearly $800,000. Dkt. 4-24 at 3.

Ms. Wagner then filed a petition in an Indiana state court to confirm the arbitration award. Dkt. 1-2. The petition was based solely on Indiana law—the Indiana Uniform Arbitration Act, Ind. Code § 34-57-2-12. *Id.* Mr. Perry and Brokers removed the case to this Court, alleging federal-question jurisdiction under 28 U.S.C. § 1331. Dkt. 1. They then filed a motion to vacate the arbitration award under the Federal Arbitration Act, 9 U.S.C. § 10, arguing that "the arbitrators exceeded their authority, and displayed manifest disregard of the law and complete irrationality." Dkt. 3 at 2. Ms. Wagner has filed a motion to remand, arguing that this Court lacks subject-matter jurisdiction because no federal question is presented in the petition that she filed in state court. Dkt. 18 at 2.

It's undisputed that Ms. Wagner's petition to confirm the arbitration award and for entry of judgment is the operative pleading in this case. *See* dkt. 1-2 (labeling Plaintiff's motion to confirm, "Operative Pleading").

## II.
## Applicable Law

Because federal courts are of limited jurisdiction, "district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).

When a case is removed to federal court, jurisdiction is determined "by looking at the complaint as it existed at the time the petition for removal was filed." *United Farm Bureau Mut. Ins. Co. v. Metropolitan Human Relations Comm'n*, 24 F.3d 1008, 1014 (7th Cir. 1994). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers Inc.*, 577 F.3d 752 (7th Cir. 2009). If at any time the court lacks subject-matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c).

## III.
## Analysis

The parties agree that the Federal Arbitration Act does not create federal question jurisdiction over this case, dkt. 18 at 3; dkt. 24 at 6, and that there is no diversity jurisdiction, dkt. 18 at 2, so the only question is whether the Court has subject-matter jurisdiction through some other source.

Mr. Perry and Brokers argue that the Court has federal-question jurisdiction over this case because their motion to vacate "involves the resolution of" federal issues. Dkt. 1 at 2. Ms. Wagner argues that the case must be remanded because the operative pleading (her petition filed in state court) is based solely on Indiana law and does not present any federal claim.

4

Dkt. 18 at 2. Therefore, she argues that "any effort to assert a defense to inject a federal question does not transform what is plainly a state law claim into" a federal one. *Id.*[2]

Congress has granted federal courts a statutory basis for "federal-question jurisdiction" over cases "arising under" federal law, 28 U.S.C. § 1331. *Home Depot*, 139 S. Ct. at 1746. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).

"Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). While this "creation" test "accounts for the vast bulk of suits that arise under federal law," there is a "'special and small category' of cases in which arising under jurisdiction still lies" over a plaintiff's state-law claim. *Id.* at 257–58 (citing *Empire Healthchoice Assur., Inc. v. McVeigh,* 547 U.S. 677, 699 (2006)). But for federal-question jurisdiction to exist over a state-law claim in such cases, "an issue of federal law must be the 'cornerstone' of the plaintiff's complaint." *Webb v. Fin. Indus. Regulatory Auth., Inc.*, 889 F.3d 853, 860 (7th Cir. 2018)

---

[2] Plaintiff also argues that there is no subject-matter jurisdiction based on *Magruder v. Fidelity Brokerage Servs. LLC,* 818 F.3d 285 (7th Cir. 2016). However, *Magruder*'s holding is one side of a circuit split currently under review by the Supreme Court in *Badgerow v. Walters*, 975 F.3d 469 (5th Cir. 2020) *cert. granted* No. 20-1143, 141 S. Ct. 2620 (U.S. May 17, 2021) (oral argument Nov. 2, 2021). This motion can be resolved without reliance on *Magruder*, so the Court does not consider it.

(quoting *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 384 (2016)).

### A. Scope of "arising under" jurisdiction

In support of federal-question jurisdiction, Mr. Perry and Brokers rely on issues presented in their motion to vacate the arbitration award. Dkt. 24 at 1. They argue that jurisdiction exists first under *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for Southern Cal.*, 463 U.S. 1, 27-28 (1983), because Ms. Wagner's "right to relief" turns on a question of federal law raised in their motion to vacate, and separately under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) because the issue raised in their motion to vacate meets the *Grable* test. *Compare* dkt. 1 at 2 ¶ 5 *with* 4 ¶ 6.

This is a distinction without a difference. While *Grable* clarified the scope of when a state-law claim may still "arise under" federal law, it did not create an independent test for jurisdiction separate from *Franchise Tax* or other precedent. *See Gunn*, 568 U.S. at 258 (recognizing *Grable* as the Court's "effort to bring some order to this unruly doctrine."). Indeed, *Grable* relied on *Franchise Tax* for the propositions that federal jurisdiction is only proper if the issue raised is substantial, *see Grable*, 545 U.S. at 313, and considers the balance between federal and state authority. *Id.* at 314.

Thus, under *Grable*, "federal jurisdiction over a state-law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-

state balance authorized by Congress." *Gunn*, 568 U.S. at 258 (citing *Grable,* 545 U.S. at 314). This exception "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312. In practice, "[f]ederal jurisdiction is rarely established on this basis." *Webb*, 889 F.3d at 860.

### B. The motion to vacate does not provide "arising under" jurisdiction

Mr. Perry and Brokers argue that Ms. Wagner was not their "customer" under FINRA Rule 12200, and that the Panel's "violation" of Rule 12200 is a question of federal law. Dkt. 24 at 2, 11. The existence of these issues, they argue, supplies federal jurisdiction under *Grable*. Dkt. 24 at 12–14 (analyzing and applying the four-part test).

There is conflicting authority as to whether a FINRA Panel's "violation" of FINRA rules presents a federal question. *Compare Sacks v. Dietrich*, 663 F.3d 1065 (9th Cir. 2011) (holding that whether FINRA rules were violated is a federal issue) *with Doscher v. Sea Port Group Securites, LLC*, 832 F.3d 372, 377 (2d Cir. 2016) (expressly disagreeing with *Sacks*'s holding in light of *Merrill Lynch*, 578 U.S. 374, and finding that whether a FINRA arbitration panel violated FINRA rules does not present a federal question). But the Court does not need to resolve that issue to rule on Ms. Wagner's motion to remand.

"[T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 398. This is true "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393. *Grable* did not alter this rule. *Chicago Tribune Co. v. Bd. of Trs. of the Univ. of Ill.*, 680 F.3d 1001, 1003 (7th Cir. 2012) (citing *Empire Healthchoice,* 547 U.S. at 677 ).

Mr. Perry and Brokers' jurisdictional claim is based on their argument that the underlying arbitration award is not valid under FINRA rules. This is a defense, and thus does not create federal jurisdiction under § 1331. *Chicago Tribune*, 680 F.3d at 1003. Even if the issues they raise meet the *Grable* factors, "*Grable* has nothing to do with using federal defenses to move litigation to federal court." *Id.*; *see also Webb*, 889 F.3d at 860 (remanding for lack of subject matter jurisdiction despite defendant-FINRA's argument that the "plaintiffs' suit implicates FINRA's SEC-approved Code of Arbitration Procedure."); *I-Wen Chang Liu v. Mar,* 2013 WL 1499179 at *2 (N.D. Ill. Apr. 10, 2013) (remanding for lack of subject matter jurisdiction in part because "plaintiff's motion to confirm does not identify any federal question on its face.").

Mr. Perry and Brokers argue that the facts presented in this case resemble the facts presented in *Grable*. Dkt. 24 at 14. In *Grable*, the Supreme Court found that federal-question jurisdiction existed because the plaintiff "ha[d] premised its superior title claim on a failure by the IRS to give it

8

adequate notice, as defined by federal law." *Grable*, 545 U.S. at 314–15. Therefore, the complaint in *Grable* raised an unavoidable federal question. *See id.* Here, Mr. Perry and Brokers have not shown that the claims presented in Ms. Wagner's petition cannot be resolved without reaching a federal issue. Indeed, Mr. Perry and Brokers admit that the federal issue they rely on was instead raised in their motion to vacate. Dkt. 24 at 2, 12. Therefore, unlike in *Grable*, the federal question in this case is not "necessarily raise[d]" by Ms. Wagner's state court petition.[3]  *Grable*, 545 U.S. at 314.

*Grable* differs from the present case in its substantive claims as well. The Court found federal jurisdiction existed in *Grable* because the plaintiff's claim "centered on the action of a federal agency (IRS) and its compatibility with a federal statute" and "its resolution was both dispositive of the case and would be controlling in numerous other cases." *Empire Healthchoice*, 547 U.S. at 700. The claims presented in Ms. Wagner's state court petition do not rely on a federal law or challenge the action of a federal agency. Her award—rendered by an independent arbitration panel interpretating a private organization's rules—was based on the specific facts presented in a single case. These circumstances do not support the exercise of federal jurisdiction where the plaintiff's claim is based solely on state law. *See id.* at 701 (finding *Grable*

---

[3] Mr. Perry and Brokers' reliance on *Sacks*, 663 F.3d 1065, is similarly misplaced. *See* dkt. 24 at 2. In *Sacks*, the plaintiff alleged in the operative pleading that FINRA panel members violated FINRA rules. 663 F.3d at 1068. The Court found there was federal-question jurisdiction because the *plaintiff's complaint* asserted that the arbitrators had exceeded their authority. *Id.*

9

jurisdiction not appropriate over an issue that was "fact-bound and situation-specific.").

\* \* \*

The only way any federal issue possibly comes into play in this case would be in evaluating Mr. Perry and Brokers' motion to vacate the arbitration award. Therefore, this is not part of the "'special and small category' of cases in which arising under jurisdiction still lies" over a plaintiff's state-law claim. *Gunn*, 568 U.S. at 258. The Court lacks subject-matter jurisdiction, and the case must be remanded to state court. 28 U.S.C. § 1447(c).

## IV.
## Conclusion

Plaintiff's motion to remand is therefore **GRANTED**. Dkt. [18]. Defendants' motion to vacate the arbitration award is **DENIED without prejudice** for lack of subject matter jurisdiction. Dkt. [3]. Because the Court can resolve the motion to remand on the papers, Defendants' motion for oral argument on the motion to remand is **DENIED**. Dkt. [25].

This case is **REMANDED** to Hamilton County Circuit Court.

**SO ORDERED.**

Date: 3/9/2022

                                                James Patrick Hanlon
                                                United States District Judge
Distribution:                       Southern District of Indiana

Joseph Damien Ackerman
LEWIS, BRISBOIS, BISGAARD & SMITH LLP
joseph.ackerman@lewisbrisbois.com

Thomas K. Caldwell
MADDOX HARGETT & CARUSO, P.C.
tkcaldwell@mhclaw.com

Scott B. Cockrum
LEWIS, BRISBOIS, BISGAARD & SMITH LLP
Scott.Cockrum@lewisbrisbois.com

Connie M. Fickel
LEWIS BRISBOIS BISGAARD & SMITH LLP
Connie.Fickel@lewisbrisbois.com

David M. Florence
LEWIS BRISBOIS BISGAARD & SMITH LLP
david.florence@lewisbrisbois.com

Mark E. Maddox
MADDOX HARGETT & CARUSO, P.C.
mmaddox@mhclaw.com

Hamilton County Clerk
1 Hamilton County Square
Suite 106
Noblesville, IN 46060